Youssef H. Hammoud (SBN: 321934)
**HAMMOUD LAW, P.C.**
206 W. 4th St., 3rd Floor
Santa Ana, CA 92701
T: (949) 301-9692
F: (949) 301-9693
E: yh@lawhammoud.com

*Attorneys for Plaintiff,*
*Al-Aqeelah International Real Estate Company*

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL-AQEELAH INTERNATIONAL REAL ESTATE COMPANY, a foreign corporation | Case No.: 2:21-cv-2141 |
| | **COMPLAINT** |
| Plaintiff, | 1. DECLARATORY RELIEF |
| v. | |
| DACA-CASTAIC, LLC, a California Limited liability company, and TAPIA CANYON MANAGEMENT, LLC, a California limited liability company, | |
| Defendants. | |

## COMPLAINT

Plaintiff AL-AQEELAH INTERNATIONAL REAL ESTATE COMPANY ("Plaintiff"), through its attorneys, alleges the following against Defendants DACA-CASTAIC, LLC ("DACA") and TAPIA CANYON MANAGEMENT, LLC ("TCM").

## INTRODUCTION

1

1. Count I of Plaintiff's Complaint is brought forth pursuant to 28 U.S.C. § 2201, which permits any court of the United States, in a case of actual controversy within its jurisdiction, to declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

2. Plaintiff alleges as follows upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

## JURISDICTION AND VENUE

3. Jurisdiction of the Court arises under 28 U.S.C. § 1332.

4. The amount in controversy exceeds $75,000.00.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of property that is the subject of the action is situated in this District.

6. Defendants transact business here; therefore, personal jurisdiction is established.

## PARTIES

7. Plaintiff, Al-Aqeelah International Real Estate Company, is a foreign corporation organized under the laws of the Country of Kuwait.

8. Defendant DACA is a real estate development company. DACA's entity mailing address is 710 Amiford Drive, San Diego, California 92107. DACA can be served through its registered agent Howard Justus at 710 Amiford Drive, San Diego, California 92107.

9. TCM is in the business of real estate development. TCM's business address is 1299 Prospect Street, La Jolla, CA, 92037, and can be served through its registered agent, William Barkett, located at 1299 Prospect Street #305, La Jolla, CA, 92037.

## FACTUAL ALLEGATIONS

**A. Plaintiff's Investment in Defendant Tapia Canyon Management, LLC.**

10. In 2015, Plaintiff was approached by non-party William Barkett of Defendant TCM with the opportunity to invest in a real estate development project known as Tapia Canyon Ranch.

11. The project description submitted by TCM to Plaintiff was for the development of vacant land located just east of I-5 Freeway in Santa Clarita/Castaic Mountain Area in Castaic, California. The project plan was to develop 405 residential units on 1,167 acres of, with an additional 905 acres of undisturbed nature. **Exhibit A.**

12. The real estate comprising Tapia Canyon Ranch is legally described as "US. Geological Survey's 7.5 Minute Newhall, California quadrangle, within Township 5N, Range 16W, and includes portions of Sections 21, 28, 29, 30, 31, and 32." (Hereinafter referred to as "Tapia Canyon Ranch").

13. On December 28, 2015, a real estate appraiser hired by Defendant TCM submitted to Plaintiff an executive summary appraising the "AS-IS" value of Tapia Canyon Ranch at Thirty Five Million Dollars U.S.D. ($35,000,000.00). **Exhibit B.**

14. TCM claimed to own the real estate, and offered to sell to Plaintiff nineteen percent (19%) ownership in Tapia Canyon Management, LLC to become part owner of Tapia Canyon Ranch.

15. In or around December 2016, Plaintiff paid TCM a total of $2,250,000.00 Kuwaiti Dinar (roughly $7,431,151.90 U.S.D.) in exchange for 19% ownership in Tapia Canyon Management, LLC. **Exhibit C.**

16. Plaintiff believed it had become 19% owner of Tapia Canyon Ranch, evidenced by its 19% ownership of Defendant TCM.

17. Upon information and belief, TCM is not the owner of Tapia Canyon Ranch, and therefore, Plaintiff's 19% ownership in TCM is worthless.

   **B. DACA-Castaic, LLC's Claim of Ownership in Tapia Canyon Ranch.**

18. Upon information and belief, DACA-Castaic, LLC is the owner of Tapia Canyon Ranch.

19. Upon information and belief, non-party Castaic Partners II, LLC was the initial owner and developer of Tapia Canyon Ranch. After Castaic Partners II, LLC defaulted on its loans, DACA obtained a majority of the beneficial interests in the loan and through litigation obtained the power to foreclose on them. *See Richard & Sheila J. McKnight 2000 Family Trust v. Barkett*, 2012 WL 870503, at 6 (D. Nev. Mar. 14, 2012).

20. Upon information and belief, in 2012, DACA ultimately foreclosed on the properties and acquired them by credit bids at the foreclosure sales, becoming the owner of Tapia Canyon Ranch. *See In re Castaic Partners II, LLC*, 823 F.3d 966, 968 (9th Cir. 2016).

21. However, TCM still claims to be the rightful owner of Tapia Canyon Ranch.

22. The project plans submitted by TCM to Plaintiff in solicitation of its investment are nearly identical to DACA's development plans, both describing the development of 405 residential homes on 1,167 acres about one mile east of Interstate 5.

23. In fact, the development map used by DACA and TCM are virtually identical. **See Exhibit D.**

24. As a result of TCM and DACA's competing claims of ownership of Tapia Canyon Ranch, an actual controversy exists.

25. Plaintiff's investment in the amount of $2,250,000.00 Kuwaiti Dinar (roughly $7,431,151.90 U.S.D.) satisfies the amount in controversy requirement.

26. Plaintiff seeks a declaration from the Court determining who is the rightful owner of Tapia Canyon Ranch.

### COUNT I

### DECLARATORY RELIEF

27. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

28. Defendant TCM solicited Plaintiff's investment to own 19% of Tapia Canyon Management, LLC, making Plaintiff 19% owner of Tapia Canyon Ranch.

29. Defendant TCM claims to be the owner of Tapia Canyon Ranch.

30. Defendant DACA is, upon information and belief, the true owner of Tapia Canyon Ranch.

31. If DACA is the true owner of Tapia Canyon Ranch, Plaintiff's ownership interest in TCM is worthless.

32. An actual case and controversy relating to the legal rights and duties exist over the ownership of Tapia Canyon Ranch.

33. WHEREFORE, Plaintiff respectfully requests a declaration by the Court determining who is the rightful owner of Tapia Canyon Ranch.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Al-Aqeelah International Real Estate Company respectfully requests a declaration from this Court declaring who is the rightful owner of Tapia Canyon Ranch., legally described as "US. Geological Survey's 7.5 Minute Newhall, California quadrangle, within Township 5N, Range 16W, and includes portions of Sections 21, 28, 29, 30, 31, and 32."

Respectfully submitted this 9th day of March 2021.

By: */s/ Youssef H. Hammoud*
Youssef H. Hammoud (SBN: 321934)

COMPLAINT

**HAMMOUD LAW, P.C.**
206 W. 4th St., 3rd Floor
Santa Ana, CA 92701
T: (949) 301-9692
F: (949) 301-9693
E: yh@lawhammoud.com

*Attorneys for Plaintiff,*
*Al-Aqeelah International Real Estate*
*Company*

COMPLAINT