JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 21-2141 JVS (JEMx) | Date | August 2, 2021 |
| Title | Al Aqeelah International Real Estate v. DACA Castaic, LLC et al. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs: | Attorneys Present for Defendants:
---|---
Not Present | Not Present

**Proceedings:** **[IN CHAMBERS] Order Regarding Renewed Motion for Default Judgment, Motion to Strike**

Plaintiff Al Aqeelah International Real Estate Company ("Al Aqeelah") filed a renewed motion for default judgment against Defendant Tapia Canyon Management, LLC ("Tapia"). Default Judgment Mot., ECF No. 28. Tapia filed an opposition. Default Judgment Opp'n, ECF No. 29. In response, Al Aqeelah filed a motion to strike Tapia's opposition. Strike Mot., ECF No. 32. Tapia then filed an opposition to the motion to strike. Strike Opp'n, ECF No. 34.

For the following reasons, the Court **GRANTS** the motion.

**I. BACKGROUND**

This is a case for declaratory judgment. In 2015, an employee of Tapia approached Al Aqeelah about an opportunity to invest in a project to develop 405 residential units on 1,167 acres of land is Castaic, California, just east of the I-5 freeway ("Tapia Canyon Ranch"). Compl., ECF No. 1, ¶ 11. Tapia claimed to own Tapia Canyon Ranch and offered Al Aqeelah a 19% ownership in TCM to become part owner of Tapia Canyon Ranch. Id. ¶ 14. In or around December 2016, Al Aqeelah paid Tapia a total of 2,250,000.00 Kuwaiti Dinar, which is about $7,431,151.90 United States dollars, in exchange for 19% ownership in Tapia Canyon Management, LLC. Id. ¶ 15.

But, Al Aqeelah alleges that on information and belief Tapia Canyon Ranch is actually owned by Defendant DACA-Castaic, LLC. Id. ¶ 18. Tapia still claims to be the rightful owner of Tapia Canyon Ranch. Id. ¶ 21. Al Aqeelah now seeks a "a declaration

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 21-2141 JVS (JEMx) | Date | August 2, 2021 |
| Title | Al Aqeelah International Real Estate v. DACA Castaic, LLC et al. | | |

from the Court determining who is the rightful owner of Tapia Canyon Ranch." Id. ¶ 26.

On April 13, the Clerk entered default against Tapia. Default, ECF No. 23. On April 20, Tapia filed an answer to the complaint. Ans., ECF No. 24. That same day, Al Aqeelah filed a previous motion for default judgment. Mot., ECF No. 25. The Court rejected that motion without prejudice. First Order, ECF No. 26.

## II. LEGAL STANDARD

Before a court can enter a default judgment against a defendant, a plaintiff must satisfy the procedural and substantive requirements for default judgment.

### A. Procedural Requirements

For a default judgment, a plaintiff must satisfy the procedural requirements of the Federal Rules of Civil Procedure. Rule 54(c) states that a default judgment cannot grant relief that is different from the requested relief in a complaint. Fed. R. Civ. P. 54(c). Under Rule 55(a), a clerk must enter a default when a defendant has failed to plead, defend, or appear in any form. Fed. R. Civ. P. 55(a). Lastly, if a defaulting party has appeared in an action, then a plaintiff needs to serve a motion for default on the defaulting party. Fed. R. Civ. P. 55(b)(2).

In addition, a party seeking a default judgment must satisfy the requirements of Local Rule 55-1. To satisfy Local Rule 55-1, a plaintiff needs to submit a declaration establishing (1) when and against who the clerk entered a default, (2) the pleading on which default was entered, (3) whether the defaulting party is an infant or incompetent "and if so, whether that person is represented by a guardian, committee, conservator or other representative", (4) whether the Servicemembers Civil Relief Act applies; and (5) whether the plaintiff served a notice of the motion on the defaulting party, if required by Federal Rule of Civil Procedure 55(b)(2). L.R. 55-1.

### B. Substantive Requirements

The Ninth Circuit has identified seven factors (together, the "Eitel factors") that a court considers when determining whether to grant a default judgment: (1) the possibility

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 21-2141 JVS (JEMx) | Date | August 2, 2021 |
| Title | Al Aqeelah International Real Estate v. DACA Castaic, LLC et al. | | |

of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at issue; (5) the possibility of a dispute regarding material facts; (6) whether the dispute is due to excusable neglect; and (7) the strong policy favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

On an application for a default judgment, the factual allegations in the complaint are taken as true, with the exception of those regarding damages. See Pope v. United States, 323 U.S. 1, 12 (1944); Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co., 980 F.2d 1261, 1267 (9th Cir.1992). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

### III. DISCUSSION

    *A.    Motion to Strike*

The Court first addresses Al Aqeelah's argument that Tapia's opposition to the motion for default judgment must be stricken. Al Aqeelah attempts to bring its motion under Federal Rule of Civil Procedure 12(f). Strike Mot. at 3. This is not the correct rule for raising Al Aqeelah's argument because Rule 12(f) relates to the striking of pleadings, not oppositions to motions. See Fed. R. Civ. P. 12(f) ("The court may strike from a pleading . . ..."). Nevertheless, "[s]ome courts hold that a motion to strike matters that are not part of the pleadings may be regarded as an invitation by the movant to consider whether proffered material may be properly relied upon." Net-Com Services, Inc. v. Eupen Cable USA, Inc., 2013 WL 12131179, at *3 (C.D. Cal. July 12, 2013) (internal quotation omitted). The Court considers Al Aqeelah's motion to strike as such an invitation.

Al Aqeelah argues that the opposition must be stricken because Tapia's corporate powers have been suspended by the California Franchise Tax Board. Strike Mot. at 4; see also Hammound Decl., ECF No. 28-3, ¶ 15, Ex. 2 (showing that Tapia's corporate status is "FTB suspended"). Tapia does not challenge that its corporate powers have been suspended. See generally Strike Opp'n. Under California Revenue & Taxation Code §

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 21-2141 JVS (JEMx) | Date | August 2, 2021 |
| Title | Al Aqeelah International Real Estate v. DACA Castaic, LLC et al. | | |

23301, a "corporation may not prosecute or defend an action . . . while its corporate rights are suspended for failure to pay taxes." Reed v. Norman, 48 Cal. 2d 338, 342 (1957). Tapia therefore cannot defend itself in this action by opposing the motion for default judgment. The Court declines to consider the opposition to the motion for default judgment.

      B.    *Default Judgment*

          1.    *Procedural Requirements*

As a threshold issue, Al Aqeelah satisfies Local Rule 55-1. Al Aqeelah has filed a declaration in support of his motion that states that default was entered against Tapia, that Tapia is neither incompetent nor an infant, and that the Servicemembers Civil Relief Act does not apply. See Hammoud Decl. ¶¶ 12-14. Al Aqeelah has also served this motion on Tapia, via CM/ECF, as required under Rule 55(b) because Tapia has appeared in this action. Finally, Al Aqeelah has complied with Rule 54(c) because it seeks a declaratory judgment, as requested in the complaint. Compl. at 7.

          2.    *Substantive Requirements*

              a.    *Possibility of Prejudice to Plaintiff*

The first substantive factor favors default judgment because Al Aqeelah has expended effort and incurred costs and fees in prosecuting this action. The Clerk entered default against Tapia on April 13, 2021. Tapia has subsequently not moved for this Court to set aside default. As such, the Court finds that the first Eitel factor favors default judgment.

              b.    *Substantive Merits and Sufficiency of the Complaint*

Taken together, the second and third Eitel factors, related to the merits of a plaintiff's claims and the sufficiency of the complaint, address whether the party seeking default judgment has stated a claim upon which it may recover. See, e.g., Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 498–99 (C.D. Cal. 2003) (citing PepsiCo Inc. v. California Security Cans, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002)).

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 21-2141 JVS (JEMx) | Date | August 2, 2021 |
| Title | Al Aqeelah International Real Estate v. DACA Castaic, LLC et al. | | |

Here, this requires that the Court examine whether the complaint sufficiently asserts a claim for default judgment. See Complaint ¶¶ 27-33. "Declaratory judgment is appropriate where, (1) 'the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" Helwan Cement S.A.E. v. Tahaya Misr Investment Inc., 2017 WL 2468775, at *4 (C.D. Cal. June 5, 2017) (quoting McGraw–Edison Co. v. Preformed Line Prod. Co., 362 F.2d 339, 342 (9th Cir. 1966)). "A claim for declaratory judgment must be supported by sufficient factual allegations to state a claim for relief." Id. (citing Power Probe, Inc. v. Sullivan, 2016 WL 7496841, at *2 (C.D. Cal. Feb. 23, 2016)).

The Court finds that the complaint has sufficiently plead a claim for declaratory judgment. Tapia submitted to Al Aqeelah a plan to develop Tapia Canyon Ranch. Compl. ¶ 11. From 2015 to 2016, Tapia also represented to Al Aqeelah that it owned Tapia Canyon Ranch. Id. ¶ 14. Nevertheless, in 2016 the Ninth Circuit noted that DACA became the rightful owner of Tapia Canyon Ranch following their foreclosure on the property in 2016. Id. ¶ 20; In re Castaic Parnters II, LLC, 823 F.3d 966, 968 (9th Cir. 2016). Thus, the Court finds that Al Aqeelah has satisfied the second and third Eitel factors.

        c.      *Remaining Four Factors*

For the fourth factor — the sum of money at issue — Al Aqeelah seeks a declaratory judgment and so the amount in controversy is necessarily equal to the value of Tapia Canyon Ranch, making it reasonable. The fifth factor — the possibility of a dispute regarding material facts — also weighs in favor of default judgment. The Complaint alleges sufficient facts for the Court to determine that a controversy existed as to who was the rightful owner of Tapia Canyon in 2016. Al Aqeelah has also submitted an affidavit from Howard Justus, the managing member of Debt Acquisition Company of America V, LLC, which is itself the managing member of Daca-Castaic, LLC. Justus Decl., ECF No. 28-2. In his affidavit, Justus declares that Daca-Castaic obtained ownership of Tapia Canyon in 2012 and has not sold or otherwise conveyed its ownership in Tapia Canyon. Id. ¶¶ 4-5. There is therefore no indication that there would be a dispute regarding material facts. Eitel, 782 F.3d 1472. The sixth factor — whether the dispute is due to excusable neglect — does not weigh against entry of default

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-2141 JVS (JEMx) | Date | August 2, 2021 |
|---|---|---|---|
| Title | Al Aqeelah International Real Estate v. DACA Castaic, LLC et al. | | |

judgment since there is no indication of neglect here. As noted above, Tapia is barred from defending this case because it is suspended by the California Franchise Tax Board. See supra Section III.A. The seventh factor, the strong policy favoring decisions on the merits, weighs against entry of a default judgment. But this factor alone is not sufficient to counterbalance the other factors in this case. See PepsiCo, 238 F. Supp. 2d at 1177.

As such, the Court **GRANTS** default judgment in favor of Al Aqeelah.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion. The Court finds that oral argument would not be helpful in this matter. Fed. R. Civ. P. 78; L.R. 7-15. Hearing set for August 9, 2021, is ordered **VACATED**.

**IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |